NO. COA13-518

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

STATE OF NORTH CAROLINA

　　　　v.

EMANUEL EDWARD SNELLING, JR.

Wake County
Nos. 10 CRS 230038, 39

Appeal by defendant from judgment entered 23 August 2012 by Judge Carl R. Fox in Wake County Superior Court. Heard in the Court of Appeals 20 November 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Elizabeth N. Strickland, for the State.*

> *Attorney Anna S. Lucas, for defendant.*

Elmore, Judge.

On 23 August 2012, a jury found Emanuel Edward Snelling, Jr. (defendant), guilty of larceny from the person, robbery with a dangerous weapon, and second degree kidnapping. The trial court sentenced defendant as a prior record level III offender (PRL III) to consecutive terms of active imprisonment of 26 to 41 months (second degree kidnapping) and 84 to 110 months (robbery with a dangerous weapon), with 6 to 8 months (larceny from the person) to be served concurrently. Defendant now appeals and raises as error

the trial court's: 1.) failure to answer a jury question and 2.) determination that he was a PRL III. After careful consideration, we conclude that there was no trial error as to the jury question, but we vacate the sentence of the trial court and remand for a new sentencing hearing.

## I. Facts

During the deliberation phase of trial, the jury indicated that it had a question about the robbery with a dangerous weapon charge. Initially, the trial court instructed the jury on the sixth and seventh elements of robbery with a dangerous weapon as follows:

> Sixth, that the defendant had a firearm in his possession at the time he obtained the property, or that it reasonably appeared to the victim that a firearm was being used, in which case you may infer that the said instrument was what the defendant's conduct . . . seventh, that the defendant obtained the property by endangering or threatening the life of [victim] with a pistol or firearm.

Thereafter, the trial court realized that the initial instruction was incomplete and told the jury:

> If you'll turn back to the robbery with a firearm, the sixth element, doesn't have the ending language on it and it should read: In – let's see. Read me -- read it again. Sixth, that the defendant had a firearm in his possession at the time he obtained the property or that it reasonably appeared to the

victim that a firearm was being used, in which case you may infer that the said instrument was what the defendant's conduct represented it to be. It should have "be" at the end. I've learned there aren't any English majors on the Pattern Jury Instructions committee. Anybody have any questions about that remaining language? Okay. Thank you.

A short time later, the jury posed this question to the trial court: "does the [S]tate have to prove physical presence of a pistol for the seventh bullet of robbery with a firearm or is it simply that she had to believe the presence of a pistol and feel threatened?" Over defendant's objection, the trial court responded:

> TRIAL COURT: When I read the instruction for number six, that the defendant had a firearm in his possession at the time he obtained the property or that he was reasonably or reasonably appeared to the victim that a firearm was being used, in which case you *may infer that the said instrument was what the defendant's conduct represented it to be. That carries over into any reference to a pistol in the instructions*, so number seven, when it refers to a pistol, you can take it in context of the fact that the statement about a firearm and the representation of a firearm from number six. Okay, six. Does that answer the question?
>
> JUROR NO. 6: I believe so.

(Emphasis added). Thereafter, the jury continued deliberating and reached a unanimous verdict of guilty as to all charges. At sentencing, the parties stipulated that defendant had 6 prior

record level points and was thus a PRL III. It is also undisputed that 1 of the 6 points was assigned to defendant because he was on probation (the probation point) at the time these offenses were committed. At no time did the trial court: 1.) advise defendant of his rights to prove mitigating factors and have a jury decide the existence of the probation point; or 2.) determine whether written notice was given to defendant by the State of its intent to seek the probation point.

## II. Analysis

### a.) Answer to Jury Question

Defendant first argues that the trial court erred in its answer to a jury question about whether the State must prove the actual presence of a firearm on the charge of robbery with a dangerous weapon. We disagree.

> On appeal, this Court considers a jury charge contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed. The party asserting error bears the burden of showing that the jury was misled or that the verdict was affected by an omitted instruction. Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.

*Hammel v. USF Dugan, Inc.*, 178 N.C. App. 344, 347, 631 S.E.2d 174, 178 (2006) (citations and quotation marks omitted). The trial court has the duty to "declare and explain the law arising on the evidence relating to each substantial feature of the case." *State v. Hockett*, 309 N.C. 794, 800, 309 S.E.2d 249, 252 (1983) (citation and quotation omitted).

In support of his argument that the trial court failed to answer the jury's question, defendant relies on *Hockett*, which also involved a robbery with a dangerous weapon charge. *Id*. In *Hockett*, the jury asked the trial court during its deliberation if "the threat of harm or force with a deadly weapon [is] the same as actually having or using a weapon?" *Id*. Instead of answering the jury's question or reviewing the elements of the charge, the trial court instructed the jury to continue its deliberation. *Id*. at 801-02, 309 S.E.2d at 252-53. Our Supreme Court ruled that because "the jury did not understand . . . how the presence or absence of a gun would affect the degree of guilt[,]" the trial court's failure to answer the jury's question of law was prejudicial error. *Id*. at 802, 309 S.E. 2d at 253.

Defendant's reliance on *Hockett* is misplaced. Unlike in *Hockett*, the trial court in the present case answered the jury's legal question, and the jury indicated that it understood the trial

court's answer. The trial court told the jury to interpret element numbers six and seven of the robbery with a dangerous weapon charge in tandem rather than as mutually exclusive requirements. Specifically, the trial court's answer properly clarified that the jury must find either that 1.) defendant actually possessed a firearm; or 2.) victim reasonably believed that defendant possessed a firearm, in which case the jury could infer that the object was a firearm. *See State v. Lee*, 128 N.C. App. 506, 510, 495 S.E.2d 373, 376 (1998) ("The State need only prove that the defendant represented that he had a firearm and that circumstances led the victim reasonably to believe that the defendant had a firearm and might use it."); *see also State v. Bartley*, 156 N.C. App. 490, 496, 577 S.E.2d 319, 323 (2003) ("Proof of armed robbery requires that the victim reasonably believed that the defendant possessed . . . a firearm in the perpetration of the crime[;]" *State v. Fleming*, 148 N.C. App. 16, 22, 557 S.E.2d 560, 564 (2001) ("If there is some evidence that the implement used was not a firearm . . . a permissive inference[] [permits] but does not require the jury to infer that the instrument used was in fact a firearm[.]"). Thus, the trial court did not err in its answer to the jury.

**b.) Sentencing Procedure Pursuant to N.C. Gen. Stat. 15A-1022.1**

Defendant also argues that the trial court erred in sentencing defendant as a PRL III because it failed to comply with N.C. Gen. Stat. § 15A-1022.1 (2011). We disagree.

"[We review alleged sentencing errors for] 'whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing.'" *State v. Deese*, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (quoting N.C. Gen. Stat. § 15A-1444(a1) (Cum. Supp. 1996)). However, "[t]he determination of an offender's prior record level is a conclusion of law that is subject to *de novo* review on appeal." *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009) (citation omitted). The PRL for a felony offender during sentencing is determined by "the sum of the points assigned to each of the offender's prior convictions[.]" N.C. Gen. Stat. § 15A-1340.14 (2011). A PRL II offender has between 2-5 points, whereas a PRL III offender has at a minimum of 6 and no more than 9 points. *Id.* A sentencing error that improperly increases a defendant's PRL is prejudicial. *State v. Hanton*, 175 N.C. App. 250, 260, 623 S.E.2d 600, 607 (2006).

Under N.C. Gen. Stat § 15A-1340.14 (b)(7) (2011), a defendant shall be assigned one point "[i]f the offense was committed while the offender was on supervised or unsupervised probation[.]" "[T]he jury shall determine whether the point should be

assessed[,]" unless the defendant admits to it. N.C. Gen. Stat. § 15A-1340.16 (2011). In such cases, the point will be treated as though it was found by the jury. *Id.* These admissions are generally constrained by the procedures set out in N.C. Gen. Stat. 15A-1022.1, which mandates that the trial court

> address the defendant personally and advise the defendant that: (1) He or she is entitled to have a jury determine the existence of any aggravating factors or points under G.S. 15A-1340.14(b)(7); and (2) He or she has the right to prove the existence of any mitigating factors at a sentencing hearing before the sentencing judge.

N.C. Gen. § 15A-1022.1 (2011). However, these procedural requirements are not mandatory when "the context clearly indicates that they are inappropriate." *Id.*

In *State v. Marlow*, the defendant was sentenced at a PRL II. *State v. Marlow*, ___ N.C. App. ___, ___, 747 S.E.2d 741, 748 (2013). One of his points was determined pursuant to N.C. Gen. Stat. § 15A-1340.14(b)(7) because of a conviction while he was on probation. *Id*. Even though the trial court did not make any of the inquiries mandated by N.C. Gen. Stat. § 15A-1022.1, this Court held that "conducting a statutorily mandated colloquy with [the defendant] . . . would have been inappropriate and unnecessary" where: 1.) the defendant stipulated to his prior record level; 2.) the defendant's counsel could have "inform[ed] [the defendant] of

the repercussions of conceding certain prior offenses[;]" 3.) the "defendant had the opportunity to interject had he not known such repercussions[;]" and 4.) the additional point was a mere "routine determination" by the trial court based on the circumstances. *Id. at ___*, 747 S.E.2d at 747-48.

Similarly, in the case at bar, it is uncontested that defendant stipulated to being on probation when he committed larceny from the person, robbery with a dangerous weapon, and second degree kidnapping. The prosecutor and defendant's counsel signed the prior record level worksheet "agree[ing] with the defendant's prior record level[.]" At sentencing, defendant stipulated that he was a PRL III: two points for a Class H Felony conviction, three points for three class one misdemeanors, and one probation point. Defendant admitted at trial that he was on probation at the time these offenses occurred, and his attorney also alluded to defendant's probation during sentencing. Moreover, the trial court spoke at sentencing, without resistance from defendant, about his having "just been placed on probation" when he committed these offenses. Thus, the trial court ruled that defendant's PRL was stipulated by the parties resulting in six prior record points at a PRL III. Despite defendant's numerous opportunities to oppose the finding of the probation point, he did

not.  Under the circumstances, the determination of defendant's probation point was routine and a non-issue.  Accordingly, we hold that within the context of defendant's sentencing hearing, the procedures specified by N.C. Gen. Stat. § 15A-1022.1 would have been inappropriate.  *See Marlow*, *supra*.

**c.) Sentencing Procedure Pursuant to  N.C. Gen. Stat. § 15A-1340.16(a6)**

In his final argument on appeal, defendant avers that the trial court erred in sentencing defendant as a PRL III because it failed to comply with N.C. Gen. Stat § 15A-1340.16(a6).  We agree.

N.C. Gen. Stat. § 15A-1340.16(a6) requires the State

> to provide a defendant with written notice of its intent to prove the existence of one or more aggravating factors under subsection (d) of this section or a prior record level point under G.S. 15A-1340.14(b)(7) at least 30 days before trial or the entry of a guilty or no contest plea.  A defendant may waive the right to receive such notice.  The notice shall list all the aggravating factors the State seeks to establish.

N.C. Gen. Stat. § 15A-1340.16(a6) (2011).  The statute is clear that unless defendant waives the right to such notice, the State must provide defendant with advanced written notice of its intent to establish: 1.) any of the twenty aggravating factors listed in N.C. Gen. Stat. § 15A-1340.16(d); or 2.) a probation point pursuant to N.C. Gen. Stat. 15A-1340.14(b)(7).  *Id*.  The trial court shall

determine if the State provided defendant with sufficient notice or whether defendant waived his right to such notice. N.C. Gen. Stat. § 15A-1022.1 (2011).

Here, the trial court never determined whether the statutory requirements of N.C. Gen. Stat. § 15A-1340.16(a6) were met. Additionally, there is no evidence in the record to show that the State provided sufficient notice of its intent to prove the probation point. Moreover, the record does not indicate that defendant waived his right to receive such notice. Thus, the trial court erred by including the probation point in its sentencing of defendant as a PRL III. This error was prejudicial because the probation point raised defendant's PRL from a PRL II to a PRL III. *See Hanton*, *supra*.

## III. Conclusion

In sum, the trial court did not err in its answer to a jury question about whether the State must prove the actual presence of a firearm on the charge of robbery with a dangerous weapon. Similarly, the trial court did not err in failing to conduct a statutorily mandated colloquy with defendant pursuant to N.C. Gen. Stat § 15A-1022.1. However, the trial court committed prejudicial error by including the probation point in sentencing defendant as a PRL III without determining if the State provided sufficient

notice of its intent to seek the probation point or whether defendant waived such statutory requirements per N.C. Gen. Stat. § 15A-1340.16(a6). As such, we vacate defendant's sentence and remand to the trial court for resentencing in accordance with this opinion.

Remanded for new sentencing hearing.

Judges McCULLOUGH and DAVIS concur.