IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-209

 Filed: 15 January 2019

Mecklenburg County, No. 16 CRS 13373-75

STATE OF NORTH CAROLINA

 v.

DEANGELO JERMICHAEL WRIGHT

 Appeal by defendant from judgment entered 25 August 2017 by Judge Linwood

O. Foust in Superior Court, Mecklenburg County. Heard in the Court of Appeals 19

September 2018.

 Attorney General Joshua H. Stein, by Assistant Attorney General Alexandra M.
 Hightower, for the State.

 Yoder Law PLLC, by Jason Christopher Yoder, for defendant-appellant.

 STROUD, Judge.

 At issue is whether the State provided the required notice of intent to prove

aggravating factors. Because defendant waived his right to have a jury determine

the presence of an aggravating factor, there was no error. We find defendant’s

ineffective assistance of counsel claim to be without merit and deny his related motion

for appropriate relief, but we remand for correction of a clerical error.

 I. Background

 Defendant was arrested for selling marijuana to an undercover officer in
 STATE V. WRIGHT

 Opinion of the Court

Charlotte on 7 August 2015 (“first arrest”). Defendant was arrested a second time for

selling marijuana to an undercover officer in the same location on 15 October 2015

(“second arrest”). On 11 January 2016, defendant was indicted for the sale and

delivery of marijuana and possession with intent to sell or deliver (“PWISD”) arising

from the second arrest. On 14 April 2016, the State served defendant with a notice

of intent to prove aggravating factors for the charges arising only from the second

arrest. Box 12a. on the notice was checked, which stated:

 The defendant has, during the 10-year period prior to the
 commission of the offense for which the defendant is being
 sentenced been found by a court of this State to be in willful
 violation of the conditions of probation imposed pursuant
 to a suspended sentence or been found by the Post-Release
 Supervision and Parole Commission to be in willful
 violation of a condition of a parole or post-release
 supervision imposed pursuant to release from
 incarceration.

 On 2 May 2016, defendant was indicted for sale and delivery of a controlled

substance, PWISD, and possession of marijuana drug paraphernalia arising from the

first arrest. Over a year later, but twenty days prior to trial of all charges against

defendant, the State added the file numbers related to defendant’s first arrest to a

copy of the previous notice of intent to prove aggravating factors. A handwritten note

was added to the form which stated, “Served on Defense Counsel on 8/1/2017,” and it

was signed by an assistant district attorney.

 Defendant’s trial began on 21 August 2017, and all of defendant’s charges

 -2-
 STATE V. WRIGHT

 Opinion of the Court

arising from the first and second arrests were joined for trial. Defendant was found

not guilty of selling, delivering, or PWISD marijuana for the charges arising from the

second arrest, but he was found guilty of attempted sale, attempted delivery, PWISD

marijuana, and possession of marijuana drug paraphernalia for the charges from the

first arrest. The trial court arrested the judgment for attempted sale, and the State

informed the court it intended to prove an aggravating factor. Defendant’s attorney

stated that he had received the proper notice, and after defendant and his attorney

talked, defendant stipulated to the aggravating factor on 25 August 2017. The trial

court sentenced defendant in the aggravated range, and defendant timely gave notice

of appeal.

 II. Notice of Intent to Prove Aggravating Factors

 Defendant argues that the trial court erred in sentencing defendant to an

aggravated sentence when the State did not provide thirty days written notice before

trial of its intent to prove an aggravating factor for charges arising from the first

arrest, and defendant did not waive his right to such notice. We review this argument

de novo:

 The determination of an offender’s prior record level
 is a conclusion of law that is subject to de novo review on
 appeal. Pursuant to North Carolina’s felony sentencing
 system, the prior record level of a felony offender is
 determined by assessing points for prior crimes using the
 method delineated in N.C. Gen. Stat. § 15A-1340.14(b)(1)-
 (7). As relevant to the present case, a trial court sentencing
 a felony offender may assess one prior record level point if

 -3-
 STATE V. WRIGHT

 Opinion of the Court

 the offense was committed while the offender was on
 supervised or unsupervised probation, parole, or post-
 release supervision. Prior to being assessed a prior record
 level point pursuant to N.C.G.S. § 15A-1340.14(b)(7),
 however, our General Statutes require the State to provide
 written notice of its intent to do so.

State v. Wilson-Angeles, ___ N.C. App. ___, ___, 795 S.E.2d 657, 668 (2017) (citations,

quotation marks, and brackets omitted).

 N.C. Gen. Stat. § 15A-1340.16(a6) requires the State to give defendant thirty

days’ written notice before trial, or the entry of a guilty or no contest plea, of its intent

to use aggravating factors:

 The State must provide a defendant with written notice of
 its intent to prove the existence of one or more aggravating
 factors under subsection (d) of this section or a prior record
 level point under G.S. 15A-1340.14(b)(7) at least 30 days
 before trial or the entry of a guilty or no contest plea. A
 defendant may waive the right to receive such notice. The
 notice shall list all the aggravating factors the State seeks
 to establish.

N.C. Gen. Stat. § 15A-1340.16(a6) (2017). Therefore, at least thirty days prior to a

trial or plea, the State must give a defendant written notice of its intent to prove an

aggravating factor. Id. Here, defendant was tried on all pending charges, and prior

to sentencing, defendant stipulated to the existence of the aggravating factor. N.C.

Gen. Stat. § 15A-1022.1 requires the trial court, during sentencing, to determine

whether the State gave defendant the required thirty days’ notice of its intent to prove

an aggravating factor or if defendant waived his right to that notice:

 -4-
 STATE V. WRIGHT

 Opinion of the Court

 (a) Before accepting a plea of guilty or no contest to a
 felony, the court shall determine whether the State intends
 to seek a sentence in the aggravated range. If the State
 does intend to seek an aggravated sentence, the court shall
 determine which factors the State seeks to establish. The
 court shall determine whether the State seeks a finding
 that a prior record level point should be found under G.S.
 15A-1340.14(b)(7). The court shall also determine whether
 the State has provided the notice to the defendant required
 by G.S. 15A-1340.16(a6) or whether the defendant has
 waived his or her right to such notice.
 (b) In all cases in which a defendant admits to the
 existence of an aggravating factor or to a finding that a
 prior record level point should be found under G.S. 15A-
 1340.14(b)(7), the court shall comply with the provisions of
 G.S. 15A-1022(a). In addition, the court shall address the
 defendant personally and advise the defendant that:
 (1) He or she is entitled to have a jury determine the
 existence of any aggravating factors or points under
 G.S. 15A-1340.14(b)(7); and
 (2) He or she has the right to prove the existence of any
 mitigating factors at a sentencing hearing before the
 sentencing judge.
 ....
 (e) The procedures specified in this Article for the
 handling of pleas of guilty are applicable to the handling of
 admissions to aggravating factors and prior record points
 under G.S. 15A-1340.14(b)(7), unless the context clearly
 indicates that they are inappropriate.

N.C. Gen. Stat. § 15A-1022.1 (emphasis added).

 This Court has not addressed what constitutes waiver of the notice

requirement of N.C. Gen. Stat. § 15A-1340.16(a6). “Waiver is the intentional

relinquishment of a known right, and as such, knowledge of the right and an intent

to waive it must be made plainly to appear.” Ussery v. Branch Banking & Tr., 368

 -5-
 STATE V. WRIGHT

 Opinion of the Court

N.C. 325, 336, 777 S.E.2d 272, 279 (2015) (citation and quotation marks omitted). In

State v. Snelling, “the parties stipulated that defendant had 6 prior record level points

and was thus a PRL III.” 231 N.C. App. 676, 678, 752 S.E.2d 739, 742 (2014). This

Court concluded that “the trial court never determined whether the statutory

requirements of N.C. Gen. Stat. § 15A-1340.16(a6) were met. Additionally, there is

no evidence in the record to show that the State provided sufficient notice of its intent

to prove the probation point.” Id. at 682, 752 S.E.2d at 744. “Moreover, the record

does not indicate that defendant waived his right to receive such notice.” Id. As a

result, this Court remanded the case for a new sentencing hearing. Id. at 683, 752

S.E.2d at 744.

 Here, after the jury returned verdicts of guilty for charges from the first arrest,

the State advised the trial court it intended to prove aggravating factors for

sentencing:

 THE COURT: The jury having returned verdicts of guilty
 in Case No. 16CRS13374, 16CRS13373, counts one and
 two, and 16CRS13375. The State having announced to the
 Court that it intends to proceed on aggravating factors in
 this matter, which is a jury matter. The district attorney
 has indicated to the Court that in conference with the
 defense counsel, that the Defendant would stipulate to
 aggravating factors; is that correct? What says the State?

 MR. PIERRIE: I do intend to proceed with aggravating
 factors. I did have a discussion with Mr. Curcio and
 indicated his intent was to stipulate to the one aggravating
 factor that I intended to offer, which was from the AOC
 form is Factor 12A, that the Defendant has during the

 -6-
 STATE V. WRIGHT

 Opinion of the Court

ten-year period prior to the commission of the offense for
which the Defendant is being sentenced been found by a
court of this state to be in willful violation of the conditions
of probation imposed pursuant to a suspended sentence.

THE COURT: All right. Would you -- is that correct?

MR. CURCIO: That is correct, Your Honor. I’ve been
provided the proper notice and seen the appropriate
documents, Your Honor.

....

THE COURT: . . . The State having indicated that it’s
going to proceed on aggravating -- an aggravating factor,
which would enhance the punishment that the Court gives
in this case. Your lawyer has informed the Court that you
will admit that aggravating factor, stipulate to that
aggravating factor and not require the jury to make a
determination of that aggravating factor. In other words,
for aggravating factors, the jury would deliberate just like
it just did in the case in chief in determining whether or
not that aggravating factor exists. Your lawyer has
advised the Court that you are going to stipulate to that
aggravating factor. And the jury therefore would not be
required to deliberate and decide that issue. Is that
correct?

DEFENDANT: Can I have a chance to -- may I have a
chance to speak with him?

THE COURT: Yes.

(Discussion held off the record.)

MR. CURCIO: We’re ready to proceed, Your Honor.

THE COURT: Is that correct, sir?

DEFENDANT: Yes, sir.

 -7-
 STATE V. WRIGHT

 Opinion of the Court

 THE COURT: And have you had an opportunity to talk
 with your lawyer about this stipulation and what the
 stipulation means?

 (Discussion held off the record.)

 DEFENDANT: Yes, sir.

 THE COURT: And do you now stipulate to the aggravating
 factor stated by the district attorney?

 DEFENDANT: Yes, sir.

 ....

 THE COURT: Do you now waive your right to a -- to
 have the jury determine the aggravating factor?

 (Discussion held off the record.)

 DEFENDANT: Yes, sir. I’m ready to proceed.

 THE COURT: And do you waive the right to have the jury
 determine the aggravating factor and do you stipulate to
 the aggravating factor?

 DEFENDANT: Yes, sir.

(Emphasis added.)

 The transcript indicates that the trial court inquired about the notice of the

State’s intent to prove the aggravating factor, and his counsel responded that he was

“provided the proper notice” and had “seen the appropriate documents.” The trial

court also asked defendant directly if he “had an opportunity to talk with your lawyer

about this stipulation and what the stipulation means?” and after discussion off the

 -8-
 STATE V. WRIGHT

 Opinion of the Court

record, defendant responded, “Yes, sir.” We find the trial court’s colloquy satisfied

the requirements of N.C. Gen. Stat. § 15A-1022.1. See State v. Khan, 366 N.C. 448,

455, 738 S.E.2d 167, 172 (2013) (“The record indicates that at the plea hearing the

trial court went over the terms of the plea agreement with defendant and asked

defendant directly if he understood its terms, and defendant responded, ‘Yes.’ During

the hearing, the trial court also asked defendant if he stipulated to the aggravating

factor, and defendant again answered, ‘Yes.’ We find the trial court’s procedure

satisfied the requirements of section 15A-1022.1.”).

 This case can be distinguished from Snelling due to the trial court’s inquiry

into whether defendant had received “proper notice” and his counsel’s affirmative

response. Even though the State had not technically given “proper notice” because

the additional file numbers were added to the notice only twenty days before trial

instead of thirty days, defendant and his counsel had sufficient information to give

an “intentional relinquishment of a known right.” Ussery, 368 N.C. at 336, 777 S.E.2d

at 279. The trial court specifically inquired about notice, and the aggravating factor

in question was the exact same as noted in the original notice of intent. The trial

court also directly questioned defendant: “And do you waive the right to have the jury

determine the aggravating factor and do you stipulate to the aggravating factor?” and

defendant answered “Yes, sir.” We conclude that defendant’s knowing and intelligent

waiver of a jury trial on the aggravating factor under the circumstances necessarily

 -9-
 STATE V. WRIGHT

 Opinion of the Court

included waiver of the thirty day advance notice of the State’s intent to use the

aggravating factor.1 This argument is overruled.

 III. Ineffective Assistance of Counsel

 Defendant argues in the alternative “if this Court finds that [defendant’s] trial

counsel somehow waived notice on [defendant’s] behalf, then . . . [defendant] asserts

that he received ineffective assistance of counsel at sentencing.” He argues that

he was prejudiced by his counsel’s error because his sentence was 3 months longer

than it could have been without the aggravating factor, and there is no possible

strategic reason for his counsel’s actions. But even if we assume that his counsel

erroneously believed the notice of intent to prove aggravating factor was timely given

for the charges for which defendant was convicted instead of the other charges, his

counsel’s assistance “was reasonable considering all of the circumstances” of this case.

Strickland v. Washington, 466 U.S. 668, 688, 80 L. Ed. 2d 674, 694 (1984).

 Not every error by counsel rises to the level of ineffective assistance of counsel.

 [T]he performance inquiry must be whether counsel’s
 assistance was reasonable considering all the
 circumstances. Prevailing norms of practice as reflected in
 American Bar Association standards and the like, are
 guides to determining what is reasonable, but they are only
 guides. No particular set of detailed rules for counsel’s
 conduct can satisfactorily take account of the variety of
 circumstances faced by defense counsel or the range of
 legitimate decisions regarding how best to represent a

1 We note that on the AOC-CR-605 form, Felony Judgment Findings of Aggravating and Mitigating
Factors, the trial court checked the box under “DETERMINATION” which states, “the State provided
the defendant with appropriate notice of the aggravating factor(s) in this case.”

 - 10 -
 STATE V. WRIGHT

 Opinion of the Court

 criminal defendant. Any such set of rules would interfere
 with the constitutionally protected independence of
 counsel and restrict the wide latitude counsel must have in
 making tactical decisions. Indeed, the existence of detailed
 guidelines for representation could distract counsel from
 the overriding mission of vigorous advocacy of the
 defendant’s cause. Moreover, the purpose of the effective
 assistance guarantee of the Sixth Amendment is not to
 improve the quality of legal representation, although that
 is a goal of considerable importance to the legal system.
 The purpose is simply to ensure that criminal defendants
 receive a fair trial.
 Judicial scrutiny of counsel’s performance must be
 highly deferential. It is all too tempting for a defendant to
 second-guess counsel’s assistance after conviction or
 adverse sentence, and it is all too easy for a court,
 examining counsel’s defense after it has proved
 unsuccessful, to conclude that a particular act or omission
 of counsel was unreasonable. A fair assessment of attorney
 performance requires that every effort be made to
 eliminate the distorting effects of hindsight, to reconstruct
 the circumstances of counsel’s challenged conduct, and to
 evaluate the conduct from counsel’s perspective at the
 time. Because of the difficulties inherent in making the
 evaluation, a court must indulge a strong presumption that
 counsel’s conduct falls within the wide range of reasonable
 professional assistance; that is, the defendant must
 overcome the presumption that, under the circumstances,
 the challenged action might be considered sound trial
 strategy. There are countless ways to provide effective
 assistance in any given case. Even the best criminal
 defense attorneys would not defend a particular client in
 the same way.

Id. at 688-89, 80 L. Ed. 2d at 694-95 (citations and quotation marks omitted).

 We first note that the record on appeal is sufficient for us to review defendant’s

IAC claim.

 - 11 -
 STATE V. WRIGHT

 Opinion of the Court

 IAC claims brought on direct review will be decided
 on the merits when the cold record reveals that no further
 investigation is required, i.e., claims that may be developed
 and argued without such ancillary procedures as the
 appointment of investigators or an evidentiary hearing.
 This rule is consistent with the general principle that, on
 direct appeal, the reviewing court ordinarily limits its
 review to material included in the record on appeal and the
 verbatim transcript of proceedings, if one is designated.
 We agree with the reasoning in McCarver v. Lee, 221
 F.3d 583, 589 (4th Cir.2000), cert. denied, 531 U.S. 1089,
 121 S.Ct. 809, 148 L. Ed. 2d 694 (2001): N.C.G.S. § 15A-
 1419 is not a general rule that any claim not brought on
 direct appeal is forfeited on state collateral review. Instead,
 the rule requires North Carolina courts to determine
 whether the particular claim at issue could have been
 brought on direct review.
 Accordingly, should the reviewing court determine
 that IAC claims have been prematurely asserted on direct
 appeal, it shall dismiss those claims without prejudice to
 the defendant’s right to reassert them during a subsequent
 MAR proceeding. It is not the intention of this Court to
 deprive criminal defendants of their right to have IAC
 claims fully considered. Indeed, because of the nature of
 IAC claims, defendants likely will not be in a position to
 adequately develop many IAC claims on direct appeal.
 Nonetheless, to avoid procedural default under N.C.G.S. §
 15A–1419(a)(3), defendants should necessarily raise those
 IAC claims on direct appeal that are apparent from the
 record. When an IAC claim is raised on direct appeal,
 defendants are not required to file a separate MAR in the
 appellate court during the pendency of that appeal.

State v. Fair, 354 N.C. 131, 166-67, 557 S.E.2d 500, 524-25 (2001) (citations and

quotation marks omitted).

 Although the State did not technically give proper notice for the specific

charges of which defendant was convicted, the error in this case is similar to a clerical

 - 12 -
 STATE V. WRIGHT

 Opinion of the Court

error, since defendant had more than a year’s notice of the State’s intent to prove the

aggravating factor for some of the simultaneously tried and related charges.

Defendant cannot claim any sort of surprise or inability to prepare for trial under

these circumstances. Although his counsel would have had no strategic reason for

waiving the additional ten days of notice for the particular charges, as a practical

matter, it is difficult to imagine what advantage defendant could have gained from

having the issue of his probation violation submitted to a jury. A probation violation

is easily proved by defendant’s criminal record and was not subject to any reasonable

dispute. If defendant’s counsel had not waived the minor deficiency in notice, the

only practical effect would have been to prolong the trial, and there is no reason to

believe the result would have been any different. And it is apparent from the record

that defendant’s counsel acted diligently and in good faith in his representation;

defendant was acquitted of some charges in the same trial. His attorney’s actions

were objectively reasonable even if technically in error. See State v. Benitez, ___ N.C.

App. ___, ___, 813 S.E.2d 268, 278 (2018) (“[T]he trial court did not find that

defendant’s trial counsel had a strategic reason for failing to file a motion to suppress

based upon North Carolina General Statute § 7B-2101 but instead that his actions

were objectively reasonable at the time—considering the state of the law—and that

he acted diligently and in good faith in his representation of defendant. The trial

court’s findings of fact demonstrate the court’s efforts to eliminate the distorting

 - 13 -
 STATE V. WRIGHT

 Opinion of the Court

effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct,

and to evaluate the conduct from counsel’s perspective at the time. Defendant’s trial

counsel did make a legal error, but it was not an objectively unreasonable error at the

time.” (citation and quotation marks omitted)). Defendant has not shown that “his

attorney’s conduct rose to the level of unreasonableness or that his attorney’s conduct

prejudiced defendant’s trial[,]” and his claim of ineffective assistance of counsel is

without merit. Fair, 354 N.C. at 168-69, 557 S.E.2d at 526.

 IV. Clerical Error

 Defendant argues that the judgment contains a clerical error which should be

remanded for correction. We agree.

 “A clerical error is defined as, an error resulting from a minor mistake or

inadvertence, especially in writing or copying something on the record, and not from

judicial reasoning or determination.” State v. Allen, ___ N.C. App. ___, ___, 790 S.E.2d

588, 591 (2016) (quotation marks and brackets omitted).

 Defendant’s AOC-CR-603C Judgment Suspending Sentence form for file

number 16 CRS 013374 is checked by box one which states:

 [The Court] makes no written findings because the prison
 term imposed is within the presumptive range of sentences
 authorized under G.S. 15A-1340.17(c).

But defendant was sentenced to a minimum of 7 months and a maximum of 18

months in the custody of the N.C. Division of Adult Correction. The presumptive

 - 14 -
 STATE V. WRIGHT

 Opinion of the Court

range for a defendant with prior record level of III for a Class I felony is 5-6 months

minimum and 15-17 months maximum. Defendant was sentenced in the aggravated

range as the State requested during sentencing:

 On the possession with intent to sell or deliver
 marijuana, a Class I felony, that is an I block. So an active
 sentence cannot be imposed by law. However, I’d ask for at
 the top of the aggravated on that sentence would be eight
 to 19-month sentence with an extensive supervised
 probation.

Shortly thereafter, the trial court sentenced defendant within the aggravated range:

 In Case No. 16CRS13374, the possession with intent
 to sell and deliver marijuana, it is the judgment of the
 Court that Case No. 16CRS13375, be consolidated in that
 case for purposes of sentencing. And that the Defendant be
 committed to the custody of the North Carolina
 Department of Corrections for a period of not less than
 seven months and no more than 18 months.

Therefore, box two should have been checked on the form indicating that:

 [The Court] makes the Determination of aggravating and
 mitigating factors on the attached AOC-CR-605.

 It is apparent from the transcript that the trial court sentenced defendant in

the aggravated range based upon the factor as stipulated. In fact, defendant

expressed his displeasure with the sentence, but his comments show he was fully

aware of the aggravating factor, since he noted that he had done two years on

probation and “didn’t get violated till the end. Till my last month getting off

probation. I got violated for a misdemeanor.” We remand for the limited purpose of

 - 15 -
 STATE V. WRIGHT

 Opinion of the Court

checking box two on defendant’s AOC-CR-603C form for file number 16 CRS 013374

and to fill out a corresponding AOC-CR-605.

 V. Conclusion

 Defendant received a fair trial, free of prejudicial error, but we remand for the

limited purpose of correcting a clerical error.

 NO ERROR; REMANDED FOR CORRECTION OF A CLERICAL ERROR.

 Judges ZACHARY and MURPHY concur.

 - 16 -