STROUD, Judge.
 

 At issue is whether the State provided the required notice of intent to prove aggravating factors. Because defendant waived his right to have a jury determine the presence of an aggravating factor, there was no error. We find defendant's ineffective assistance of counsel claim to be without merit and deny his related motion for appropriate relief, but we remand for correction of clerical errors.
 

 I. Background
 

 Defendant was arrested for selling marijuana to an undercover officer in Charlotte on 7 August 2015 ("first arrest"). Defendant was arrested a second time for selling marijuana to an undercover officer in the same location on 15 October 2015 ("second arrest"). On 11 January 2016, defendant was indicted for the sale and delivery of marijuana and possession with intent to sell or deliver ("PWISD") arising from the second arrest. On 14 April 2016, the State served defendant with a notice of intent to prove aggravating factors for the charges arising
 
 *4
 
 only from the second arrest. Box 12a. on the notice was checked, which stated:
 

 The defendant has, during the 10-year period prior to the commission of the offense for which the defendant is being sentenced been found by a court of this State to be in willful violation of the conditions of probation imposed pursuant to a suspended sentence or been found by the Post-Release Supervision and Parole Commission to be in willful violation of a condition of a parole or post-release supervision imposed pursuant to release from incarceration.
 

 On 2 May 2016, defendant was indicted for sale and delivery of a controlled substance, PWISD, and possession of marijuana drug paraphernalia arising from the first arrest. Over a year later, but twenty days prior to trial of all charges against defendant, the State added the file numbers related to defendant's first arrest to a copy of the previous notice of intent to prove aggravating factors. A handwritten note was added to the form which stated, "Served on Defense Counsel on 8/1/2017," and it was signed by an assistant district attorney.
 

 Defendant's trial began on 21 August 2017, and all of defendant's charges arising from the first and second arrests were joined for trial. Defendant was found not guilty of selling, delivering, or PWISD marijuana for the charges arising from the second arrest, but he was found guilty of attempted sale, attempted delivery, PWISD marijuana, and possession of marijuana drug paraphernalia for the charges from the first arrest. The trial court arrested the judgment for attempted sale, and the State informed the court it intended to prove an aggravating factor. Defendant's attorney stated that he had received the proper notice, and after defendant and his attorney talked, defendant stipulated to the aggravating factor on 25 August 2017. The trial court sentenced defendant in the aggravated range, and defendant timely gave notice of appeal.
 

 II. Notice of Intent to Prove Aggravating Factors
 

 Defendant argues that the trial court erred in sentencing defendant to an aggravated sentence when the State did not provide thirty days written notice before trial of its intent to prove an aggravating factor for charges arising from the first arrest, and defendant did not waive his right to such notice. We review this argument
 
 de novo
 
 :
 

 The determination of an offender's prior record level is a conclusion of law that is subject to
 
 de novo
 
 review on appeal. Pursuant to North Carolina's felony sentencing system, the prior record level of a felony offender is determined by assessing points for prior crimes using the method delineated in N.C. Gen. Stat. § 15A-1340.14(b)(1)-(7). As relevant to the present case, a trial court sentencing a felony offender may assess one prior record level point if the offense was committed while the offender was on supervised or unsupervised probation, parole, or post-release supervision. Prior to being assessed a prior record level point pursuant to N.C.G.S. § 15A-1340.14(b)(7), however, our General Statutes require the State to provide written notice of its intent to do so.
 

 State v. Wilson-Angeles
 
 , --- N.C. App. ----, ----,
 
 795 S.E.2d 657
 
 , 668 (2017) (citations, quotation marks, and brackets omitted).
 

 N.C. Gen. Stat. § 15A-1340.16(a6) requires the State to give defendant thirty days' written notice before trial, or the entry of a guilty or no contest plea, of its intent to use aggravating factors:
 

 The State must provide a defendant with written notice of its intent to prove the existence of one or more aggravating factors under subsection (d) of this section or a prior record level point under G.S. 15A-1340.14(b)(7) at least 30 days before trial or the entry of a guilty or no contest plea. A defendant may waive the right to receive such notice. The notice shall list all the aggravating factors the State seeks to establish.
 

 N.C. Gen. Stat. § 15A-1340.16(a6) (2017). Therefore, at least thirty days prior to a trial or plea, the State must give a defendant written notice of its intent to prove an aggravating factor.
 

 Id.
 

 Here, defendant was tried on all pending charges, and prior to sentencing, defendant stipulated to the existence of the aggravating factor. N.C. Gen. Stat. § 15A-1022.1 requires the trial court, during
 
 *5
 
 sentencing, to determine whether the State gave defendant the required thirty days' notice of its intent to prove an aggravating factor
 
 or
 
 if defendant waived his right to that notice:
 

 (a) Before accepting a plea of guilty or no contest to a felony, the court shall determine whether the State intends to seek a sentence in the aggravated range. If the State does intend to seek an aggravated sentence, the court shall determine which factors the State seeks to establish. The court shall determine whether the State seeks a finding that a prior record level point should be found under G.S. 15A-1340.14(b)(7).
 
 The court shall also determine whether the State has provided the notice to the defendant required by G.S. 15A-1340.16(a6) or whether the defendant has waived his or her right to such notice.
 

 (b)
 
 In all cases in which a defendant admits to the existence of an aggravating factor or to a finding that a prior record level point should be found under G.S. 15A-1340.14(b)(7), the court shall comply with the provisions of G.S. 15A-1022(a).
 
 In addition, the court shall address the defendant personally and advise the defendant that:
 

 (1) He or she is entitled to have a jury determine the existence of any aggravating factors or points under G.S. 15A-1340.14(b)(7) ; and
 

 (2) He or she has the right to prove the existence of any mitigating factors at a sentencing hearing before the sentencing judge.
 

 ....
 

 (e) The procedures specified in this Article for the handling of pleas of guilty are applicable to the handling of admissions to aggravating factors and prior record points under G.S. 15A-1340.14(b)(7), unless the context clearly indicates that they are inappropriate.
 

 N.C. Gen. Stat. § 15A-1022.1 (emphasis added).
 

 This Court has not addressed what constitutes waiver of the notice requirement of N.C. Gen. Stat. § 15A-1340.16(a6). "Waiver is the intentional relinquishment of a known right, and as such, knowledge of the right and an intent to waive it must be made plainly to appear."
 
 Ussery v. Branch Banking & Tr.
 
 ,
 
 368 N.C. 325
 
 , 336,
 
 777 S.E.2d 272
 
 , 279 (2015) (citation and quotation marks omitted). In
 
 State v. Snelling
 
 , "the parties stipulated that defendant had 6 prior record level points and was thus a PRL III."
 
 231 N.C. App. 676
 
 , 678,
 
 752 S.E.2d 739
 
 , 742 (2014). This Court concluded that "the trial court never determined whether the statutory requirements of N.C. Gen. Stat. § 15A-1340.16(a6) were met. Additionally, there is no evidence in the record to show that the State provided sufficient notice of its intent to prove the probation point."
 
 Id.
 
 at 682,
 
 752 S.E.2d at 744
 
 . "Moreover, the record does not indicate that defendant waived his right to receive such notice."
 

 Id.
 

 As a result, this Court remanded the case for a new sentencing hearing.
 
 Id.
 
 at 683,
 
 752 S.E.2d at 744
 
 .
 

 Here, after the jury returned verdicts of guilty for charges from the first arrest, the State advised the trial court it intended to prove aggravating factors for sentencing:
 

 THE COURT: The jury having returned verdicts of guilty in Case No. 16CRS13374, 16CRS13373, counts one and two, and 16CRS13375. The State having announced to the Court that it intends to proceed on aggravating factors in this matter, which is a jury matter. The district attorney has indicated to the Court that in conference with the defense counsel, that the Defendant would stipulate to aggravating factors; is that correct? What says the State?
 

 MR. PIERRIE: I do intend to proceed with aggravating factors. I did have a discussion with Mr. Curcio and indicated his intent was to stipulate to the one aggravating factor that I intended to offer, which was from the AOC form is Factor 12A, that the Defendant has during the ten-year period prior to the commission of the offense for which the Defendant is being sentenced been found by a court of this state to be in willful violation of the conditions of probation imposed pursuant to a suspended sentence.
 

 THE COURT: All right. Would you -- is that correct?
 

 *6
 
 MR. CURCIO:
 
 That is correct, Your Honor. I've been provided the proper notice and seen the appropriate documents, Your Honor.
 

 ....
 

 THE COURT: ... The State having indicated that it's going to proceed on aggravating -- an aggravating factor, which would enhance the punishment that the Court gives in this case. Your lawyer has informed the Court that you will admit that aggravating factor, stipulate to that aggravating factor and not require the jury to make a determination of that aggravating factor. In other words, for aggravating factors, the jury would deliberate just like it just did in the case in chief in determining whether or not that aggravating factor exists. Your lawyer has advised the Court that you are going to stipulate to that aggravating factor. And the jury therefore would not be required to deliberate and decide that issue. Is that correct?
 

 DEFENDANT: Can I have a chance to -- may I have a chance to speak with him?
 

 THE COURT: Yes.
 

 (Discussion held off the record.)
 

 MR. CURCIO: We're ready to proceed, Your Honor.
 

 THE COURT: Is that correct, sir?
 

 DEFENDANT: Yes, sir.
 

 THE COURT: And have you had an opportunity to talk with your lawyer about this stipulation and what the stipulation means?
 

 (Discussion held off the record.)
 

 DEFENDANT: Yes, sir.
 

 THE COURT: And do you now stipulate to the aggravating factor stated by the district attorney?
 

 DEFENDANT: Yes, sir.
 

 ....
 

 THE COURT: Do you now waive your right to a -- to have the jury determine the aggravating factor?
 

 (Discussion held off the record.)
 

 DEFENDANT: Yes, sir. I'm ready to proceed.
 

 THE COURT: And do you waive the right to have the jury determine the aggravating factor and do you stipulate to the aggravating factor?
 

 DEFENDANT: Yes, sir.
 

 (Emphasis added.)
 

 The transcript indicates that the trial court inquired about the notice of the State's intent to prove the aggravating factor, and his counsel responded that he was "provided the proper notice" and had "seen the appropriate documents." The trial court also asked defendant directly if he "had an opportunity to talk with your lawyer about this stipulation and what the stipulation means?" and after discussion off the record, defendant responded, "Yes, sir." We find the trial court's colloquy satisfied the requirements of N.C. Gen. Stat. § 15A-1022.1.
 
 See
 

 State v. Khan
 
 ,
 
 366 N.C. 448
 
 , 455,
 
 738 S.E.2d 167
 
 , 172 (2013) ("The record indicates that at the plea hearing the trial court went over the terms of the plea agreement with defendant and asked defendant directly if he understood its terms, and defendant responded, 'Yes.' During the hearing, the trial court also asked defendant if he stipulated to the aggravating factor, and defendant again answered, 'Yes.' We find the trial court's procedure satisfied the requirements of section 15A-1022.1.").
 

 Defendant compares this case to
 
 State v. Mackey
 
 ,
 
 209 N.C. App. 116
 
 ,
 
 708 S.E.2d 719
 
 (2011), but we find the facts of this case to be distinct. In
 
 Mackey
 
 , the defendant objected at trial to the use of the aggravating factor based upon the lack of proper written notice.
 
 Id.
 
 at 119,
 
 708 S.E.2d at 721
 
 . The issue in
 
 Mackey
 
 was whether a letter regarding a plea offer could be used to provide notice, and, based upon the contents of the letter, we held it did not give the notice as required by N.C. Gen. Stat. § 15A-1340.16(a6).
 
 Id.
 
 at 126,
 
 708 S.E.2d at 725
 
 . The letter simply communicated a plea offer but did not "acknowledge that the purpose of the document was to both give notice of aggravating factors
 
 and
 
 communicate an offer."
 
 Id.
 
 at 121,
 
 708 S.E.2d at 722
 
 . In addition, there was a question in
 
 Mackey
 
 regarding proper service of the letter, which was served by facsimile, and defense counsel "represented that he had received the offer, but no notice of the aggravating factors."
 

 Id.
 

 This Court also noted that the State could have used the form
 
 *7
 
 created by the Administrative Office of the Courts (AOC-CR-614) specifically to give the required notice.
 

 Id.
 

 Here, there is no issue as to the form of the notice, the content of the notice, or the method of service of the notice, and, therefore, we do not find
 
 Mackey
 
 to be controlling.
 

 This case can also be distinguished from
 
 Snelling
 
 due to the trial court's inquiry into whether defendant had received "proper notice" and his counsel's affirmative response. Even though the State had not technically given "proper notice" because the additional file numbers were added to the notice only twenty days before trial instead of thirty days, defendant and his counsel had sufficient information to give an "intentional relinquishment of a known right."
 
 Ussery
 
 ,
 
 368 N.C. at 336
 
 ,
 
 777 S.E.2d at 279
 
 . The trial court specifically inquired about notice, and the aggravating factor in question was the exact same as noted in the original notice of intent. The trial court also directly questioned defendant: "And do you waive the right to have the jury determine the aggravating factor and do you stipulate to the aggravating factor?" and defendant answered "Yes, sir." We conclude that defendant's knowing and intelligent waiver of a jury trial on the aggravating factor under the circumstances necessarily included waiver of the thirty day advance notice of the State's intent to use the aggravating factor.
 
 [1]
 
 This argument is overruled.
 

 III. Ineffective Assistance of Counsel
 

 Defendant argues in the alternative "if this Court finds that [defendant's] trial counsel somehow waived notice on [defendant's] behalf, then ... [defendant] asserts that he received ineffective assistance of counsel at sentencing." He argues that he was prejudiced by his counsel's error because his sentence was 3 months longer than it could have been without the aggravating factor, and there is no possible strategic reason for his counsel's actions. But even if we assume that his counsel erroneously believed the notice of intent to prove aggravating factor was timely given for the charges for which defendant was convicted instead of the other charges, his counsel's assistance "was reasonable considering all of the circumstances" of this case.
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 , 688,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 , 694 (1984).
 

 Not every error by counsel rises to the level of ineffective assistance of counsel.
 

 [T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. Prevailing norms of practice as reflected in American Bar Association standards and the like, are guides to determining what is reasonable, but they are only guides. No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions. Indeed, the existence of detailed guidelines for representation could distract counsel from the overriding mission of vigorous advocacy of the defendant's cause. Moreover, the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation, although that is a goal of considerable importance to the legal system. The purpose is simply to ensure that criminal defendants receive a fair trial.
 

 Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct
 
 *8
 
 the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.
 

 Id.
 

 at 688-89
 
 ,
 
 104 S.Ct. at 2065
 
 ,
 
 80 L.Ed. 2d at 694-95
 
 (citations and quotation marks omitted).
 

 We first note that the record on appeal is sufficient for us to review defendant's IAC claim.
 

 IAC claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing. This rule is consistent with the general principle that, on direct appeal, the reviewing court ordinarily limits its review to material included in the record on appeal and the verbatim transcript of proceedings, if one is designated.
 

 We agree with the reasoning in
 
 McCarver v. Lee
 
 ,
 
 221 F.3d 583
 
 , 589 (4th Cir.2000),
 
 cert. denied
 
 ,
 
 531 U.S. 1089
 
 ,
 
 121 S.Ct. 809
 
 ,
 
 148 L.Ed.2d 694
 
 (2001) : N.C.G.S. § 15A-1419 is not a general rule that any claim not brought on direct appeal is forfeited on state collateral review. Instead, the rule requires North Carolina courts to determine whether the particular claim at issue could have been brought on direct review.
 

 Accordingly, should the reviewing court determine that IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent MAR proceeding. It is not the intention of this Court to deprive criminal defendants of their right to have IAC claims fully considered. Indeed, because of the nature of IAC claims, defendants likely will not be in a position to adequately develop many IAC claims on direct appeal. Nonetheless, to avoid procedural default under N.C.G.S. § 15A-1419(a)(3), defendants should necessarily raise those IAC claims on direct appeal that are apparent from the record. When an IAC claim is raised on direct appeal, defendants are not required to file a separate MAR in the appellate court during the pendency of that appeal.
 

 State v. Fair
 
 ,
 
 354 N.C. 131
 
 , 166-67,
 
 557 S.E.2d 500
 
 , 524-25 (2001) (citations and quotation marks omitted).
 

 Although the State did not technically give proper notice for the specific charges of which defendant was convicted, the error in this case is similar to a clerical error, since defendant had more than a year's notice of the State's intent to prove the aggravating factor for some of the simultaneously tried and related charges. Defendant cannot claim any sort of surprise or inability to prepare for trial under these circumstances. Although his counsel would have had no strategic reason for waiving the additional ten days of notice for the particular charges, as a practical matter, it is difficult to imagine what advantage defendant could have gained from having the issue of his probation violation submitted to a jury. A probation violation is easily proved by defendant's criminal record and was not subject to any reasonable dispute. If defendant's counsel had not waived the minor deficiency in notice, the only practical effect would have been to prolong the trial, and there is no reason to believe the result would have been any different. And it is apparent from the record that defendant's counsel acted diligently and in good faith in his representation; defendant was acquitted of some charges in the same trial. His attorney's actions were objectively reasonable even if technically in error.
 
 See
 

 State v. Benitez
 
 , --- N.C. App. ----, ----,
 
 813 S.E.2d 268
 
 , 278 (2018) ("[T]he trial court did not find that defendant's trial counsel had a strategic reason for failing to file a motion to suppress based upon
 
 *9
 
 North Carolina General Statute § 7B-2101 but instead that his actions were objectively reasonable at the time-considering the state of the law-and that he acted diligently and in good faith in his representation of defendant. The trial court's findings of fact demonstrate the court's efforts to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Defendant's trial counsel did make a legal error, but it was not an objectively unreasonable error at the time." (citation and quotation marks omitted)). Defendant has not shown that "his attorney's conduct rose to the level of unreasonableness or that his attorney's conduct prejudiced defendant's trial[,]" and his claim of ineffective assistance of counsel is without merit.
 
 Fair
 
 ,
 
 354 N.C. at 168-69
 
 ,
 
 557 S.E.2d at 526
 
 .
 

 IV. Clerical Errors
 

 Defendant argues that the judgment contains clerical errors which should be remanded for correction. We agree.
 

 "A clerical error is defined as, an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination."
 
 State v. Allen
 
 , --- N.C. App. ----, ----,
 
 790 S.E.2d 588
 
 , 591 (2016) (quotation marks and brackets omitted).
 

 Defendant's AOC-CR-603C Judgment Suspending Sentence form for file number 16 CRS 013374 is checked by box one which states:
 

 [The Court] makes no written findings because the prison term imposed is within the presumptive range of sentences authorized under G.S. 15A-1340.17(c).
 

 But defendant was sentenced to a minimum of 7 months and a maximum of 18 months in the custody of the N.C. Division of Adult Correction. The presumptive range for a defendant with prior record level of III for a Class I felony is 5-6 months minimum and 15-17 months maximum. Defendant was sentenced in the aggravated range as the State requested during sentencing:
 

 On the possession with intent to sell or deliver marijuana, a Class I felony, that is an I block. So an active sentence cannot be imposed by law. However, I'd ask for at the top of the aggravated on that sentence would be eight to 19-month sentence with an extensive supervised probation.
 

 Shortly thereafter, the trial court sentenced defendant within the aggravated range:
 

 In Case No. 16CRS13374, the possession with intent to sell and deliver marijuana, it is the judgment of the Court that Case No. 16CRS13375, be consolidated in that case for purposes of sentencing. And that the Defendant be committed to the custody of the North Carolina Department of Corrections for a period of not less than seven months and no more than 18 months.
 

 Therefore, box two should have been checked on the form indicating that:
 

 [The Court] makes the Determination of aggravating and mitigating factors on the attached AOC-CR-605.
 

 It is apparent from the transcript that the trial court sentenced defendant in the aggravated range based upon the factor as stipulated. In fact, defendant expressed his displeasure with the sentence, but his comments show he was fully aware of the aggravating factor, since he noted that he had done two years on probation and "didn't get violated till the end. Till my last month getting off probation. I got violated for a misdemeanor."
 

 There is also a clerical error on the form arresting judgment (AOC-CR-305). At trial, the State clarified which count for file number 16 CRS 13373 was the sale and which was the delivery:
 

 MR. PIERRIE: Count 1 is the sale. In 13373, Count 1 is indicted as sale of marijuana. And Count 2 of 16CRS13373 is indicted as delivery.
 

 The jury found defendant guilty of both counts, and the trial court arrested judgment for the second count:
 

 The jury having returned verdicts of guilty in Cases 16CRS13373, counts one and two .... The Court arrest judgment in Count 2 of Case No. 16CRS13373.
 

 However, on AOC-CR-305 the trial court mistakenly arrested judgment for count one, "ATTEMPTED SELL MARIJUANA."
 

 *10
 
 We remand for the limited purpose of checking box two on defendant's AOC-CR-603C form for file number 16 CRS 013374 and to fill out a corresponding AOC-CR-605. In addition, the AOC-CR-305 for file number 16 CRS 013373 should be corrected on remand to reflect that judgment was arrested for attempted delivery of marijuana.
 

 V. Conclusion
 

 Defendant received a fair trial, free of prejudicial error, but we remand for the limited purpose of correcting two clerical errors.
 

 NO ERROR; REMANDED FOR CORRECTION OF CLERICAL ERRORS.
 

 Judges ZACHARY and MURPHY concur.
 

 [1]
 

 We note that on the AOC-CR-605 form, Felony Judgment Findings of Aggravating and Mitigating Factors, the trial court checked the box under "DETERMINATION" which states, "the State provided the defendant with appropriate notice of the aggravating factor(s) in this case."